[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs instituted the present action to recover damages for services performed for the defendant, Pitney Bowes, Inc. pursuant to "the terms or the Agreement" between the plaintiff and the defendant Tekmark Computer Services Inc. ("Tekmark"). The plaintiffs have appended to the complaint an Agreement between the plaintiff, and Tekmark in which the plaintiff is described in the capacity of a "consultant" and as an independent contractor. The Agreement provides that Tekmark engages the consultant to render such computer services as Tekmark may assign to the consultant. Payments on an hourly rate are to be made by Tekmark to the plaintiff. The Agreement further provides that the hourly rate shall not be renegotiated but should "Tekmark" receive a rate increase during the term of the Agreement, then a proportionate share of the increase shall he passed on to the consultant. The clients for whom the services are to be performed are described as "Tekmark's clients. The Agreement "contains no provisions that the defendant Pitney Bowes would pay the plaintiff or that there is any stated contractual arrangement between Pitney Bowes Inc. and the plaintiffs.
The amended complaint asserts claims against Pitney Bowes Inc. in four counts alleging a failure to pay wages by an employer to an employee pursuant to General Statutes 31-71c; Quantum meruit; breach of contract and promissory estoppel. The defendant Pitney Bowes Inc., has moved to strike all four counts of the complaint.
All four counts of the complaint allege that the services were provided by the plaintiff pursuant "to the terms of the Agreement" between plaintiff and Tekmark. The Agreement between plaintiffs and Tekmark contains no provisions, either expressed or implied, for Pitney Bowes Inc. to pay the plaintiffs any funds for the services performed pursuant to that Agreement. In fact, the Agreement indicates that it is Tekmark not the plaintiffs who have an Agreement with Pitney Bowes Inc. Under the terms of the Agreement, the plaintiffs would not be justified in expecting any payments from Pitney Bowes Inc. to the plaintiffs either as wages or in any other category. CT Page 7475
General Statutes 31-71c provides that when an employee voluntarily terminates his employment or when an employer discharges an employee, the employer shall pay the employee's wages in full not later than the next regular business day. Inasmuch as Pitney Bowes Inc. does not owe the plaintiffs "wages" the plaintiffs set forth a legitimate cause of action pursuant to General Statutes 31-71c.
The Second Count of the complaint purports to set forth a cause of action against Pitney Bowes, Inc. on the theory on quantum meruit which "is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of the services rendered." Burns v. Koellmer, 11 Conn. App. 375, 383 (1987). In the present case, the contract for services existed between the plaintiffs and Tekmark and not between the plaintiffs and Pitney Bowes Inc. and accordingly, the plaintiffs cannot set forth a recognizable cause of action against Pitney Bowes Inc., on a quantum meruit theory.
The Third Count of the amended complaint purports to set forth a cause of action for breach of a written contract between Pitney Bowes Inc. and the plaintiffs. However, the contract in the present case was made by the plaintiffs, not with Pitney Bowes Inc., but with Tekmark, and accordingly, there is no cause of action for a breach of contract against Pitney Bowes, Inc.
In the Fourth Count of the complaint, the plaintiffs allege that the defendants, including Pitney Bowes, "made promises to the plaintiff which said defendants reasonably expected would induce the plaintiff to act in reliance on those promises." The plaintiffs then alleged that they acted in reliance upon such promises to their detriment. The complaint also contains allegations that Pitney Bowes, Inc., represented to plaintiffs that it was satisfied with the work and that the plaintiff should move into an apartment.
In order to establish a cause of action for promissory estoppel, a plaintiff must demonstrate that he acted to his detriment and was induced to do so by actions of the defendant. "Estoppel rests on the misleading conduct which results in prejudice to the other and absent such reliance an estoppel cannot exist." John F. Epina Realty Inc. v. Space Realty Inc., 194 Conn. 71,85 (1984). The allegations of the Fourth Count of the complaint are not necessarily based upon the Agreement between the plaintiffs and Tekmark. The allegations of the Fourth Count would permit the introduction of evidence of promises made by Pitney Bowes, Inc., upon which the plaintiff was entitled to rely, and upon which he did in fact rely to his detriment. While the nature of those promises is sketchy, they are, in the opinion of the CT Page 7476 court, sufficient to withstand a Motion to Strike.
Accordingly, the Motion to Strike the First, Second and Third Counts of the complaint is hereby granted. The Motion to Strike the Fourth Count of the complaint is hereby denied.
RUSH, J.